IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JORGE SANTIAGO-AGUILERA, :
:
       Plaintiff, :
:
  v. : Civ. No. 16-304-RGA
:
DAVIS-YOUNG ASSOCIATES, :
et al., :
:
       Defendants. :

Jorge Santiago-Aguilera, New Castle, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 8, 2016
Wilmington, Delaware

*Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Jorge Santiago-Aguilera filed this action seeking compensation as a result of a work related injury. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff filed an almost identical complaint in this Court in *Santiago-Aguilera v. State of Delaware*, Civ. No. 15-1076-RGA, which was dismissed on February 8, 2016 for lack of subject matter jurisdiction. See Civ. No. 15-1076-RGA at D.I. 8. The only difference between Civ. No. 15-1076-RGA and the instant case is that the State of Delaware Department of Labor was named as a defendant in No. 15-1076-RGA, but it is not named as a defendant in this case. Other than that, the allegations are identical.

The Court refers to its analysis in Civ. No. 15-1076-RGA at D.I. 7 and will dismiss this Complaint for the same reasons: There is no basis for federal jurisdiction. The Court has no jurisdiction over Plaintiff's claims of injury while in the employ of Davis-Young, as the exclusive remedy for Plaintiff's work related claims lies under the Delaware Workers' Compensation Act, *see* 19 Del. C. §§ 2301-2391, and the requisites for diversity jurisdiction have not been met, *see* 28 U.S.C. § 1332(a)(1).

Therefore, the Court will dismiss the Complaint for lack of subject matter jurisdiction. Amendment is futile.

An appropriate order will be entered.